STACY O'NEAL, *et al.*          CIVIL ACTION NO. 3:17-CV-00870

VERSUS          JUDGE JAMES

SOUTHERN INSURANCE          MAGISTRATE JUDGE PEREZ-MONTES
COMPANY, *et al.*

## SUA SPONTE JURISDICTIONAL REVIEW BRIEFING ORDER

Before the Court is a Complaint removed from a Louisiana state court by Defendant Wilshire Insurance Company (Doc. 1). The other Defendants consented to removal (Doc. 1-9). Defendant premises federal jurisdiction on diversity of citizenship.

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). This duty persists throughout all phases of the litigation, even after trial and the entry of final judgment. See id. at 506-07.

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008) (internal citation and quotation omitted). Further, "when jurisdiction

depends on citizenship, citizenship must be distinctly and affirmatively alleged." Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988). In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).

The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. See Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C., 757 F.3d 481, 483 (5th Cir. 2014). The citizenship of a general partnership depends on that of all partners. See Int'l Paper Co. v. Denkmann Associates, 116 F.3d 134, 135, 137 (5th Cir. 1997). The citizenship of a limited liability company ("L.L.C."), a limited partnership, or other unincorporated association or entity is determined by the citizenship of all its members. See Harvey, 542 F.3d at 1079-80.

Wilshire Insurance Company makes the following representations as to the citizenship of all parties (Doc. 1):

Plaintiffs Stacy and Amanda O'Neal, and their minor children, are citizens of Louisiana.

Defendant Optimum Agriculture, L.L.C. is a limited liability company that had one member, Agri Company, a corporation incorporated in Arkansas with its

principal place of business in Arkansas. Therefore, Optimum Agriculture, L.L.C. is a resident of Arkansas.

Defendant Optimum Louisiana, L.L.C. was dissolved on August 5, 2016. Before dissolution, its only member was Optimum Agriculture, L.L.C., which is citizen of Arkansas (as set forth above). Therefore, Optimum Louisiana, L.L.C. was a citizen of Arkansas.

Defendant Optimum Agriculture FL, L.L.C. is a limited liability company whose only member is Gaston Marquevich, a citizen of Argentina who is not a permanent resident of the United States (Doc. 1-2).[1] Therefore, Optimum Agriculture FL, L.L.C. is a citizen of Argentina.

Defendant Southwind Milling Co., L.L.C. is a limited liability company whose members are Gaston Marquevich and Alberto San Miguel, citizens of Argentina who are not permanent residents of the United States (Docs. 1-2, 1-3). Therefore, Southwind Milling Co., L.L.C. is a citizen of Argentina.

Defendant Wilshire Insurance Company was incorporated in North Carolina and has its principal place of business in North Carolina. Therefore, it is a citizen of North Carolina.

---

[1] 28 U.S.C. § 1332(a)(2) states:
> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
> \* \* \*
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

Defendant Southern Insurance Company was incorporated in Texas and has its principal place of business in Texas. Therefore, it is a citizen of Texas.

Defendant Santos Hollman is a citizen of Argentina who is not a permanent resident of the United States (Doc. 1-4).

Defendant Alex Mondragon is a citizen of Mexico and a permanent resident of the United States who resides in Arkansas. Therefore, Mondragon is considered a citizen of both Mexico and Arkansas for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(a)(2); Intex U.S.A., L.L.C. v. Engle, 467 F.3d 1038 (7th Cir. 2006) (citing Saadeh v. Farouki, 107 F.3d 52 (D.C. Cir. 1997); Rigel v. Rosewood Hotels and Resorts, L.L.C., 2014 WL 6991331 (N.D. Tex. 2014).

Defendant Olegario Villalon, misspelled in the original petition as Olae Gario Vigalon, is a citizen of Mexico (Doc. 1). Plaintiffs' action was filed in state court on August 4, 2016 and amended to correct Villalon's name on August 8, 2017, after an answer was filed and without a motion to amend (Doc. 15). A summons was then issued under the corrected name (Doc. 16). Federal jurisdiction in a removal case depends upon complete diversity. The existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service (notwithstanding 28 U.S.C. § 1441(b)(2)).[2] See New York Life Ins. Co. v. Deshotel,

---

[2] 28 U.S.C.A. § 1441(b)(2) states:
    (b) Removal based on diversity of citizenship.–
        \*        \*        \*
        (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

142 F.3d 873, 883 (5th Cir. 1998). Rule 15(c)(3)[3] was designed for occasions where a plaintiff misnames a defendant. This is a case of misnomer rather than misidentification. Because the facts of this case appear to satisfy the requirements set forth under Rule 15(c)(3), the amended complaint may relate back to the date of filing of the original complaint. See Taylor v. Am. Tobacco Co., Inc., 983 F. Supp. 686, 688 (E.D. Mich. 1997); see also Taylor v. Alabama CVS Pharmacy, L.L.C., 2017 WL3009695, *5 at n.5 (N.D. Ala. 2017). Therefore, at the time the notice of removal was filed, Villalon appears to have been a party to the action. It is not shown whether Villalon was a permanent resident of the United States at the time of removal and, if so, what state he resides in.

Diversity of citizenship is not clear from the pleadings. The existence of federal jurisdiction is in question.

Accordingly,

---

[3] Fed. R. Civ. P. 15(c) states in pertinent part:
    (c) Relation Back of Amendments.
        (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
            (A) the law that provides the applicable statute of limitations allows relation back;
            (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out--in the original pleading; or
            (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
                (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
                (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The Clerk of Court is DIRECTED to serve a copy of this order upon all parties to this action IMMEDIATELY upon receipt of proof of service or an appearance.

IT IS ORDERED that, no later than **21 days** from service of this Order, Defendant Wilshire Insurance Company shall file: (1) a Jurisdictional Memorandum stating whether Olegario Villalon is a permanent resident of the United States and, if so, what state he resides in; and (2) a motion under for leave to amend the jurisdictional allegations of the Notice of Removal to adequately allege diversity jurisdiction.

IT IS FURTHER ORDERED that Plaintiff will be allowed **7 days** from receipt of Defendants' memorandum regarding jurisction to file a Response.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  28th  day of August, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge