# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| STACY O'NEAL, ET AL. | CIVIL ACTION NO. 17-870 |
| VERSUS | JUDGE ROBERT G. JAMES |
| WILSHIRE INSURANCE CO., ET AL. | MAG. JOSEPH PEREZ-MONTES |

# RULING

Pending before the Court is Defendant Wilshire Insurance Company's ("Wilshire") Motion for Partial Summary Judgment [Doc. No. 47]. Wilshire moves the Court for summary judgment on the limited issue that the commercial insurance policy issued to Rainbolt Farms, LLC ("Rainbolt") provides only $50,000.00 in uninsured motorist ("UM") coverage. Plaintiffs filed a response [Doc. No. 54], but do not oppose Wilshire's motion on this limited issue. Wilshire filed a reply memorandum. [Doc. No. 55].

For the following reasons, the motion is GRANTED.

## I. FACTS

Plaintiffs Stacy O'Neal and Amanda O'Neal brought suit against Wilshire and other Defendants for damages arising out of a September 25, 2015 accident. They allege that Mr. O'Neal was standing on top of rice inside a truck trailer when an auger accidentally struck him, causing him to fall and sustain injuries. Plaintiffs allege that Rainbolt owned the truck and trailer operated by Mr. O'Neal.

At the time of the accident, there was in effect a commercial automobile policy issued by Wilshire to Rainbolt. The policy provided $1,000,000 in liability coverage, but only

$50,000 in UM coverage because of the written selection of that amount by David Rainbolt, the representative of Rainbolt.

## II. LAW AND ANALYSIS

### A. Motions for Partial Summary Judgment

Under Federal Rule of Civil Procedure 56(a), a party may move for partial summary judgment on a claim or defense or the part of a claim or defense. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

### B. UM Coverage

Under Louisiana's UM statute, a named insured or its "legal representative" may waive UM coverage or select a lower limit. LA. REV. STAT. § 22:1295(1)(a)(ii). The UM waiver form issued by Louisiana Department of Insurance requires six tasks: (1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen, then filling in the amount of coverage selected for each person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) filling in the date. *See Duncan v. U.S.A.A. Ins. Co.*, 2006-363 (La. 11/29/06), 950 So.2d 544, 551.

In this case, David Rainbolt, the sole owner and managing member of Rainbolt, executed a waiver form on February 20, 2015, meeting these requirements. Further, in support of its unopposed motion, Wilshire filed David Rainbolt's affidavit and deposition testimony and the affidavit of the insurance agent, Cindy Starbuck, regarding David Rainbolt's execution of the UM form.

Plaintiffs did not submit any evidence to contest Wilshire's motion.

Having reviewed the evidence and the law in this matter, the Court finds that Wilshire is entitled to summary judgment on the limited issue of UM coverage.

## III. CONCLUSION

For the foregoing reasons, Wilshire's Motion for Partial Summary Judgment [Doc. No. 47] is GRANTED. The Court finds, as a matter of law, that the commercial insurance policy issued by Wilshire to Rainbolt provides only $50,000.00 in UM coverage.

MONROE, LOUISIANA, this 9th day of January, 2018.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE